Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8885 | **DATE** | 9/23/2004 |
| **CASE TITLE** | U.S.A. ex rel. Brian Torres #B13342 vs. Eugene McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner Torres' petition for habeas corpus is DENIED. Petitioner's motion to substitute named respondent to Eugene McAdory [Doc. # 33-1] is GRANTED. ANY and ALL other pending motions are MOOT and TERMINATED. Doc. #s [10-1], [19-1], [25-1], [26-1], [27-1], [28-1], [29-1], [31-1], [34-1], [35-1], [36-1], [36-2], [37-1], [37-2], [38-1], [38-2] are ALL MOOT. This case is CLOSED.

(11) ■ [For further detail see the reverse side of the original minute order and order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 28 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 43 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| kt (lc) | courtroom deputy's initials | 2004 SEP 28 PM 2:11 U.S. DISTRICT COURT | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

Petitioner's motion for summary judgment [10-1]; Respondent's motion to dismiss petitioner's petition for writ of habeas corpus for failure to exhaust state court remedies [19-1]; Petitioner's motion to take judicial notice [25-1]; Petitioner's motions to take judicial notice, set hearing date and issue subpoenas [26-1]; Petitioner's rule 60 motion for relief from the Kane County Circuit Court Order of 4/18/91 [27-1]; Petitioner's motion for voluntary dismissal [28-1]; Petitioner's motion to strike plaintiff's motion for voluntary dismissal [29-1]; Petitioner's motion for partial summary judgment [31-1]; Petitioner's motion for relief from a void judgment [34-1]; Petitioner's motion to set a date by which time respondent must respond to petitioner's motion for relief from a void judgment [35-1]; Petitioner's motion to explain to this Court available state court remedies and to clarify available state court mandamus remedy [36-1]; Petitioner's motion to set date by which time Respondent is to explain how Petitioner has available state court mandamus remedy in light of prison rules [36-2]; Petitioner's motion for proposed order to show cause [37-1], Petitioner's motion for temporary restraining order [37-2]; Petitioner's motion to strike respondents sur-reply; Petitioner's motion to strike respondent's sur-reply [38-1] and Petitioner's motion to compel respondent to address petitioner's claim of entitlement [38-2] are ALL MOOT.

This action is CLOSED.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| BRIAN TORRES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 02 C 8885 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| EUGENE McADORY, Warden, | ) |
| Menard Correctional Center | ) |
| | ) |
| Respondent. | ) |



## MEMORANDUM OPINION AND ORDER[1]

Before this court is the 28 U.S.C §2254 habeas corpus petition filed by Brian Torres ("Torres" or "Petitioner"). For the reasons stated below, Torres' habeas petition is DENIED.

## PROCEDURAL BACKGROUND

Petitioner was originally convicted in Kane County Circuit Court of one count of murder, two counts of attempt (for attempting the crime of murder), and two counts of armed violence. The armed violence counts were vacated, and he was subsequently required to serve concurrent sentences of 50 years for the murder count and 30 years for the attempt count. In 1993, Petitioner's conviction was affirmed on direct appeal to the Illinois Appellate Court. In 1999, the

---

[1]This case was formerly captioned Torres v. Walls. Eugene McAdory has replaced Jonathan Walls as the Warden of Menard Correctional Center. Petitioner's Motion to substitute McAdory for Walls as the Respondent is granted.

-1-

Illinois Appellate Court granted Petitioner a retrial after finding that the prosecution had violated his right to due process of law by failing to disclose that two of its witnesses were offered release from probation in exchange for their testimony and by failing to correct the false testimony of one witness. Before another trial took place, Petitioner pled guilty to a count of first-degree murder. On remand, Kane County Circuit Court sentenced him to 25 years in prison. The circuit court order, dated February 7, 2000, specifically stated that Petitioner was to be given credit for both the time he spent in Kane County Jail–an amount of 3536 days–and the credit granted him by the Illinois Department of Corrections ("DOC"). Petitioner did not file a direct appeal.

Petitioner did, however, file numerous petitions for post-conviction relief in Kane and Randolph County Circuit Courts.[2] The main thrust of these petitions is that the DOC incorrectly calculated the actual prison time he is required to serve for his 25 year sentence when it failed to grant him the correct amount of "good conduct credit" for the time he served under the 50 year voided sentence. Petitioner alleged, in various motions in various fora, that any revocation of any good conduct credit received during the service of his void sentence–including revocation as a result of disciplinary action–was a misapplication of the February 7, 2000 Kane County Circuit Court order.

Petitioner filed a request for mandamus on April 24, 2002 in the Randolph County Circuit Court. Petitioner sought mandamus to compel defendant Dale Kranawatter, Records Supervisor at the Menard Correctional Center, to grant him all possible good conduct credit for the time he

---

[2] At least four different actions have been filed in Randolph County Circuit Court, and at least three have been filed in Kane County Circuit Court.

served in Kane County Jail from June 4, 1990 to February 7, 2000 under his voided 50 year sentence for first-degree murder. That petition was dismissed by the Randolph County Circuit Court in both its original and amended form.

According to Randolph County Circuit Court records, Petitioner filed an appeal with the Illinois Appellate Court. The Appellate Court agreed to hear his claim. Petitioner, however, did not continue with his case. On October 16, 2002, the Appellate Court ordered Petitioner to show cause for his failure to prosecute the case. Petitioner did not respond. On November 1, 2002, the Appellate Court issued an order dismissing Petitioner's appeal for want of prosecution. Petitioner did not contest the dismissal in any way, nor did he file another request for mandamus, according to the records before this Court. He explains that he did not pursue his appeal because he lost his case in the Circuit Court.[3]

Petitioner did, however, pursue various other forms of post-conviction relief. He filed three other actions in Randolph County Circuit Court. In one of the cases, he sued Jonathan Walls, warden at Menard Correctional Center. After losing at the Circuit Court level, he petitioned the Appellate Court. His brief was stricken for lack of proof of service, and his appeal dismissed for want of prosecution for failure to file a brief in accordance with supreme court

---

[3] Petitioner has alleged in a filing before this Court that the reason he did not pursue mandamus is because a brief by the Assistant Attorney General and the decision of the Randolph County Circuit Court in his initial mandamus case led him to believe that mandamus was not the correct remedy. When Petitioner originally filed for §42 U.S.C. 1983 relief and mandamus in Randolph County Circuit Court, the state argued that his petition should be dismissed in part because mandamus was procedurally inappropriate. In this Court, the state is arguing that Torres' federal petition for habeas relief should not be granted because mandamus is the appropriate remedy and Torres has not filed for mandamus relief. Petitioner has also argued before this Court that he did not file a writ of mandamus because he did not have access to the legal materials required to do so: he says this despite having already filed a writ of mandamus. Petitioner's actions regarding his mandamus request will be reviewed later in this opinion.

rules. The Illinois Supreme Court denied review. See Torres v. Walls, 786 N.E.2d 201 (Ill., 2002).

Petitioner also filed petitions for post-conviction relief in Kane County Circuit Court. According to Torres' habeas petition before this court, one post-conviction petition he filed in Kane County Circuit Court was resolved on August 17, 2001. The August 17, 2001 order stated that the original sentence should be considered void but "[c]redit for time, however, served on the first original sentence shall be credited in TOTAL to the defendant on his 2-7-00 sentence." Torres' habeas petition also states that another he filed a post-conviction petition in Kane County Circuit Court on a claim that the DOC violated the Kane County Circuit Court's previous orders regarding his sentencing. The records before this court do not indicate how the claim in that petition, filed November 13, 2001, was resolved. Presumably whatever resolution occurred did not satisfy Petitioner: he filed a writ of habeas corpus in Kane County Circuit Court as recently as January 30, 2003, according to the Kane County Circuit court records.

On July 3, 2003 Petitioner agreed to a Kane County Circuit Court order stating that the February 7, 2000 order was a valid court order and withdrew his petition for post-conviction relief. Petitioner did not, however, withdraw from litigating in Kane County Circuit Court. Based on the record before the Court, it appears that he later requested mittimus, requested reconsideration, and completed a motion for transfer of his case to the civil division.

Petitioner filed his petition for habeas corpus relief in this court on December 6, 2002.

## **HABEAS CORPUS STANDARDS**

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson,

501 U.S. 722, 730 (1991). Before a federal court can reach the merits of a petition for a writ of habeas corpus under 22 U.S.C. §2254, however, the petitioner must exhaust available state court remedies. Habeas corpus petitioners exhaust all of their state court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the petition is filed. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

The exhaustion requirement both minimizes friction between state and federal systems of justice and allows state courts to become familiar with and hospitable towards federal constitutional issues. See U.S.A. ex rel. Johnson v. McGinnis, 734 F.2d 1193, 1200 (7th Cir. 1984). While exhaustion does not require a prisoner to file repetitious applications in the state courts–see e.g. Wilwording v. Swenson, 404 U.S. 249, 250 (1971)–a petitioner who fails to follow proper state procedure when litigating her claim may, in certain circumstances, be viewed as having failed to exhaust. See Wallace v. Duckworth, 778 F.2d 1215, 1223 (7th Cir. 1985)("The exhaustion rule is a rule of comity which recognizes that, while it is necessary for the federal courts to be available to protect the rights of state prisoners, it is also necessary that state courts be permitted to function without undue interference.").

Petitioners are expected to present their claims "in a procedurally proper manner according to the rules of the state courts." Duckworth, 778 F.2d at 1223; citing Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.), affirmed on rehearing, 691 F.2d 677 (5th Cir. 1982), cert denied, 460 U.S. 1056 (1983).[4]

---

[4] If no path is open to the state courts, the federal court must decide whether petitioner has procedurally defaulted his claim. Procedural default is a barrier that generally prohibits a federal court from examining the merits of a habeas corpus petition. Procedural default occurs

The Court decides whether petitioners using improper procedure have exhausted their remedies on a case-by-case basis. See Duckworth, 778 F.2d at 1224.[5]

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was:(1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. §2254(d). The first ground pertains to pure questions of law. See Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. Id. at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" Id. A state-court conclusion will stand if it is "one of several equally plausible outcomes." Hall v.

---

either when (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, see Farrell, 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. See Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). If a petitioner has procedurally defaulted on any claim, this Court can only grant relief if (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default, see Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) default would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

[5]Duckworth suggests a variety of factors to take into account when determining whether a petitioner has exhausted despite using a procedurally improper remedy. Factors include: how clearly the issues were presented to the state court; the manner in which the issue was presented; whether both parties briefed or argued the issue before the state court; what the procedural error was, including how minor it was; the disposition of the case in state court; whether petitioner was represented by an attorney; the cumbersomeness and complexity of the procedural rules; the avenues of appeal that remain open and their adequacy; and the reasonableness of the delay caused by following proper procedure. Any review of these factors should be carried out while bearing in mind comity concerns. See Duckworth, 778 F.2d 1215 at 1224.

Washington, 106 F.3d 742, 749 (7th Cir. 1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). Finally, the third ground contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. See 28 U.S.C. § 2254(e)(1).

## DISCUSSION

Torres' petition proffers three grounds for relief. The first ground is that the state appellate court violated the Fourteenth Amendment of the U.S. Constitution when it denied him a copy of his brief and then dismissed his appeal for failing to serve the state Attorney General with a copy of the aforementioned brief. Grounds two and three of Torres' petition both center on the alleged miscalculation of his sentence by the Department of Corrections. In ground two, Petitioner argues that he is entitled to "immunity from punishment." The alleged punishment in question is DOC's revocation of some of the good conduct credits it granted him while he was serving his initial, now void, sentence. In ground three, Petitioner again argues that he is entitled to the maximum possible good conduct credits for the time served under his void sentence and claims that he has satisfied the sentence imposed upon him.

### A. Denial of Fourteenth Amendment Rights (Ground 1)

Petitioner alleges that he was denied rights guaranteed to him under the Fourteenth Amendment–presumably of the U.S. Constitution–when an appellate court in one of his post-conviction proceedings did not provide him with a copy of his briefs to serve on the Illinois

Attorney General and then dismissed his case for want of prosecution.[6] Petitioner has exhausted his state court remedies on this claim, having been denied relief by the Illinois Supreme Court.

Petitioner is alleging that the appellate court's refusal to give him a copy of his brief is in violation of the Constitution. His claim is without merit. Petitioner cites <u>Griffin v. Illinois</u>, 351 U.S. 12 (1956), a U.S. Supreme Court decision dealing with access to transcripts of trial proceedings in support of his position. His reliance on <u>Griffin</u> is misplaced, however, given that he asked the appellate court not for a transcript of earlier trial proceedings but rather for a copy of a document that he himself had submitted to the court.

Numerous cases have noted that prisoners do not have a constitutional right to unlimited photocopies. <u>See</u>, <u>e.g.</u>, <u>Jones v. Franzen</u>, 697 F.2d 801, 803 (7th Cir. 1983)(noting, "broad as the constitutional concept of liberty is, it does not include the right to xerox."); <u>Dugan v. Peters</u> 1994 WL 91954, at *1(N.D.Ill., Mar. 17, 1994) ("[a]s a general rule, however, inmates have no constitutional right to photocopy services."(citations omitted)); <u>Larson v. Frossard</u> 1987 WL 6284, at *2 -3 (N.D.Ill., Jan. 30, 1987); <u>Armstrong v. Lane</u> 771 F.Supp. 943, 948 (C.D.Ill.,1991)("[t]he Seventh Circuit Court of Appeals has repeatedly held that inmates are not necessarily entitled to free photocopies." (citations omitted)).

---

[6]Based on Torres' petition and the records before this Court, including a copy of Torres' petition to the Illinois Supreme Court, it is possible to deduce that the case in question is <u>Torres v. Walls</u>, 786 N.E.2d 201 (786 N.E.2d 201).

Courts are under no obligation to entertain a demand for photocopies of a complaint when the petitioner chooses to file his only copy of his brief with the court.[7] Petitioner, no stranger to litigation, could have reasonably foreseen that his opponents would need a copy of his brief.[8]

Furthermore, even if Petitioner had limited access or no access to a photocopy machine, there is nothing in the record to suggest that he could not have made handwritten copies of his brief before filing it. See Turner-El v. West, 811 N.E.2d 728, 735 (Ill. App. Ct. 2003) (noting, "[t]he plaintiff has legible handwriting and clearly has a great deal of time on his hands. There is no reason he cannot create conformed copies of his original pleadings."). This Court can certainly imagine situations where a lack of access to a photocopy machine would effectively impede a petitioner's access to the judicial system, but petitioner does not present such a situation given that he chose to file his only copy of a brief with the court in an appeal that he instituted.

This Court finds that the state court conclusion is consistent with and a reasonable application of federal law. Petitioner's claim is denied.

### B. Sentencing Miscalculation Challenges (Grounds 2 & 3)

Petitioner has strenuously argued that he cannot be denied good conduct credits for disciplinary violations that occurred while he was serving his initial, now-voided, 50 year sentence. In both grounds two and three, he claims that because he was serving a voided

---

[7]This is not to say that it would be inappropriate for a court to return the original copy of a brief to a litigant, only that there is no obligation for a court to do so.

[8]It is certainly possible, given the arguments that Petitioner has advanced to this Court, that he did realize that he would need to serve a copy of his brief with his opponents and sought to use the court as a duplication service.

-9-

sentence, he should be granted all possible good conduct credit for that time period and denied none. Petitioner's argument can be construed as alleging that the Department of Corrections failed to follow its own regulations when calculating his 25 year sentence by granting him the maximum amount of good conduct credit possible for the time he served under his now-void sentence and then revoking a portion of it for disciplinary violations that occurred during that time. The second and third grounds for relief set forth in Torres' habeas petition can be disposed on the same ground: a failure to exhaust.

Petitioner alleges in his habeas petition grounds two and three have been presented to the Illinois Supreme Court. But the fact that a ground for relief has been presented in some form to the Illinois Supreme Court is not always enough: a failure to follow the state's established procedure when presenting an argument can also constitute a failure to exhaust. See e.g., Wallace v. Duckworth, 778 F.2d 1215.

The Seventh Circuit has held that "[a] petition for a writ of mandamus in state court must be exhausted where that procedure was designed to protect the rights asserted." Toney v. Franzen, 687 F.2d 1016, 1021 (7th Cir. 1982). In Illinois, mandamus "is an appropriate remedy to compel the Department of Corrections to follow its own regulations." Rogers v. Prisoner Review Board, 537 N.E.2d 1106, 1108 (Ill. App. Ct. 1989). The Seventh Circuit has noted, "[u]nder Illinois law, mandamus is clearly the appropriate procedure to compel the Department of Corrections to set petitioner's mandatory release date in accordance with the law." Toney v. Franzen, 687 F.2d 1016, 1021 (quoting People ex. rel Abner v. Kinney, 195 N.E.2d 651 (Ill. App. Ct. 1964)). Cf. United States ex. rel. Johnson v. McGinnis, 734 F.2d 1193 (7th Cir. 1984)(requiring exhaustion of the mandamus remedy in the parole denial context).

Petitioner did not comply with the state procedural scheme. He did initially file a request for mandamus in the Randolph County Circuit Court in April 2002. He later amended that complaint. On July 15, 2002, he lost in the Circuit Court. He then filed an appeal with the Illinois Appellate Court. The Appellate Court agreed to hear his appeal, providing him with a forum to express his disagreement with the lower court's ruling. But rather than following the established procedure for contesting an unfavorable decision, Petitioner opted to abandon both his pending appeal and his pursuit of mandamus. The appellate court warned Petitioner on October 16, 2002 that he was failing to prosecute his case, and then dismissed the case on November 1, 2002. Petitioner argues now that a reason he did not follow through with his appeal is that both the assistant attorney general and the circuit court led him to believe that mandamus was not the appropriate remedy. This argument is without merit. Petitioner was aware of the appellate procedure and could have followed through with his appeal.

Rather than pursuing mandamus, Petitioner opted to file for other forms of post-conviction relief in state court; he continues to do so today. But Petitioner's exuberance in filing cannot compensate for his failure to follow proper, well-established procedure. While procedural rules may at times be cumbersome and complex, they have not hindered Petitioner in his pursuit of relief in this case: he has filed at least one request for mandamus and multiple requests for state appellate review. Undoubtedly, delays in case resolution can be frustrating to litigants. But requiring Petitioner to return to state court to fully litigate his state claims cannot be considered a cause of unreasonable delay, given that at least some delay in the resolution of Petitioner's claim can be attributed to his abandonment of mandamus relief. Petitioner's procedural mistake is not

minor, nor is he without an avenue of appeal.[9] The doctrine of comity requires Petitioner to exhaust his state remedies.

Petitioner has not fully litigated his request for mandamus in the Illinois state court system and therefore has not exhausted his state court remedies. Given that he has not fully exhausted, this Court will not decide the merits of his sentencing claims.

## CONCLUSION

For the foregoing reasons, Torres' petition for habeas corpus relief is DENIED. While his motion to substitute Eugene McAdory as respondent [33-1] is GRANTED, all other motions related to this case are MOOT and terminated. Petitioner's motion for summary judgment [10-1]; Respondent's motion to dismiss petitioner's petition for writ of habeas corpus for failure to exhaust state court remedies [19-1]; Petitioner's motion to take judicial notice [25-1]; Petitioner's motions to take judicial notice, set hearing date and issue subpoenas [26-1]; Petitioner's rule 60 motion for relief from the Kane County Circuit Court Order of 4/18/91 [27-1]; Petitioner's motion for voluntary dismissal [28-1]; Petitioner's motion to strike plaintiff's motion for voluntary dismissal [29-1]; Petitioner's motion for partial summary judgment [31-1]; Petitioner's motion for relief from a void judgment [34-1]; Petitioner's motion to set a date by which time respondent must respond to petitioner's motion for relief from a void judgment [35-1]; Petitioner's motion to explain to this

---

[9] Petitioner points to an order from the Kane County Circuit Court to argue that he has exhausted all his state court remedies. But this Court has been presented with no record indicating that Petitioner has fully litigated a request for mandamus. Nor has the Court been informed that there is an absence of available State corrective process or of effective available State process. The avenues open to Petitioner depend on if he interprets state law as viewing the dismissal for want of prosecution as a final judgment capable of appeal. Illinois law does allow litigants revisit both final and non-final judgments, albeit through different procedural methods.

Court available state court remedies and to clarify available state court mandamus remedy [36-1]; Petitioner's motion to set date by which time Respondent is to explain how Petitioner has available state court mandamus remedy in light of prison rules [36-2]; Petitioner's motion for proposed order to show cause [37-1], Petitioner's motion for temporary restraining order [37-2]; Petitioner's motion to strike respondents sur-reply; Petitioner's motion to strike respondent's sur-reply [38-1] and Petitioner's motion to compel respondent to address petitioner's claim of entitlement [38-2] are ALL DENIED as MOOT. Any and all other pending motions are MOOT. This action is CLOSED.

Enter:

David H. Coar
United States District Judge

Dated: September 23, 2004